## NANCY LOTT v. THE STATE.

1. PRACTICE.—Where a new trial is granted, it is error to put the defendant upon trial at the same term, without allowing sufficient time to procure the attendance of witnesses.

2. See facts showing sufficient cause for continuance or postponement of the trial of a case.

APPEAL from Goliad. Tried below before the Hon. D. D. Claiborne.

This cause was first tried in the court below on the 11th February, 1874, when a verdict of guilty was returned against Nancy Lott and Serena Lott, who were jointly tried. Defendants' counsel moved for a new trial, which they obtained, and the cause was set for trial on the 12th of February, 1874. On the return of the first verdict, defendants' counsel stated that his witnesses had gone to their homes, supposing they would not again be needed during the term, but that he would make an effort to secure their presence on the 12th. When the court met on the morning of the 12th, and the case was called, defendants' counsel stated that he had himself gone to all the witnesses he could find, and requested them to attend court that morning, but that one of the defendants (Serena Lott) had told them that the case had been settled, and they would not be needed. The court was then asked to continue the case until the evening of the 12th, which was refused. The defendant then applied in form for a continuance, setting forth the facts above stated. The application was overruled, and defendants excepted.

The facts show that some worshipers of African descent had assembled in a colored church in Goliad county, in January, 1874, when everything seems to have been conducted orderly until the congregation was dismissed. After the service was ended, and a few had left the house, one Stepney Lott, a steward in the church, exclaimed, "I dare anybody to touch Anna Roak; if anybody dares to touch her, I'll put them out of the church." Whether this was caused by hostile demonstrations by Nancy Lott does not appear; but she was heard to reply, "Why, cousin Stepney, you would not put me out of the house for Anna, would you? I paid as much for my seat as she did for hers." The steward's excitement seems to have impaired his capacity to hear correctly, for he replied, "You paid as much as I did for mine, did you!" Nancy replied, "No, cousin Stepney, I can't say that; and if you put me out for

· yourself, it is all right; but if you put me out for Anna, you won't do it any more." At this juncture Serena Lott was taken out of the house; but Nancy seems to have abandoned her amiable mood, for she advanced on her cousin Stepney, who struck or pushed her. " She was working her hands as fast as she could, and fighting her best, but she said but little." The steward, in the conflict, kicked over several benches, and talked loud and much, in which he was not singular, for most of the worshipers seem to have been doing the same thing.

William Billups (another elder) testified that the duty of keeping order was imposed on himself as well as Stepney, by their official positions, but that Stepney "raised the fuss," and that, lifting his voice after the conflict, he cried, " I am a man among men." Whereupon the preacher, still in the church, who had preached that night, exclaimed, " I am a man among women." Elder Billups testified that when the difficulty began several " had left the house, but they came back to see the fun."

Nancy Lott was found guilty, and fined twenty-five dollars. Motion for new trial overruled, and defendant appealed.

*W. L. Davidson*, for appellant.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.— This is an indictment against Serena Lott and Nancy Lott for disturbing religious worship. It appears from the statement of facts that the case was tried first on the 11th day of February, 1874, when a verdict of guilty was rendered against both defendants, assessing a fine of five dollars against them. On their motion a new trial was granted, and the case was set for trial again on the next day, being 12th of February, counsel for defendants stating that the witnesses had

gone home upon the return of the verdict of the jury, but that he would try and get them back in time for the trial. When the court met on the morning of the 12th, and the case was called, the witnesses were not present.  The defendants' attorney stated that he had gone to the witnesses and told them to be in court at that time.  But it appears that one of the defendants had informed the witnesses that they would not be needed during the term.  Defendants' attorney then asked that the case should be postponed until evening, when he could and would have the witnesses in court.  This was refused by the court, and they applied for a continuance.  The application was overruled, defendants excepted, and the case proceeded to trial.

It is shown by the application for continuance that the absent witnesses had been in attendance on the previous day when the case was tried, and that they had been duly summoned as witnesses.  The materiality of the testimony is shown, that the witnesses resided near town, and that their attendance could be procured in three or four hours. Under the circumstances, we think the trial should have been postponed for a few hours, as requested, if not continued for the term.  The case had been tried the day before, and the witnesses had gone to their homes.  The parties seem to have acted in ignorance of the fact that the case would be called for trial again at that term, when the witnesses were informed that they were not required to remain longer; and though the code makes provision, in some cases, that the cause may be again tried at the same or another term, the parties should have been allowed time to procure the attendance of their witnesses, under the circumstances shown in this case.  On these grounds the judgment will be reversed, without considering at this time the other objections presented by the record.

REVERSED AND REMANDED.